| | |
|---|---|
| WILLIAM E. BARTEL, as personal representative of the ESTATE OF GEORGE A. PERDREAUVILLE | CIVIL ACTION<br><br>NO. 14-303-JJB-RLB |
| VERSUS | |
| ALCOA STEAMSHIP COMPANY, INC., ET AL. | |

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 1, 2014.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM E. BARTEL, as personal representative of the ESTATE OF GEORGE A. PERDREAUVILLE | CIVIL ACTION<br><br>NO. 14-303-JJB-RLB |
| VERSUS | |
| ALCOA STEAMSHIP COMPANY, INC., ET AL. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand. (R. Doc. 11). The motion is opposed. (R. Doc. 12). Based on the undisputed facts and the applicable law as set forth below, Plaintiff's motion should be granted and the action should be remanded to state court.

**I.    BACKGROUND**

William E. Bartel (Plaintiff),[1] personal representative of the Estate of George A. Perdreauville (Decedent), filed this action on March 12, 2014 in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana. (Petition, R. Doc. 1-1). Plaintiff alleges that between 1951 and 1975, Decedent was employed by the following Defendants: Alcoa Steamship Company, Inc.; Crowley Marine Services, Inc., as successor by merger to Delta Steamship Lines, Inc., f/k/a Mississippi Shipping Co., Inc.; Delta Steamship Lines Inc.; Mississippi Shipping Company; Waterman Marine Corp.; and Waterman Steamship Corporation (Defendants). (Petition ¶¶ 2, 7-12). Plaintiff alleges that Decedent contracted and died of lung cancer as a result of asbestos exposure while working on vessels owned or operated by Defendants. (Petition ¶¶ 13-26). Plaintiff brings causes of action for recovery against

---

[1] Plaintiff represents that the correct name for the personal representative is "Willard" Bartel and that the state court petition erroneously identified him as "William" Bartel. (R. Doc. 11 n.1).

Defendants under both the Jones Act, 46 U.S.C. § 30104 (Petition, ¶¶ 27-28), and general maritime law (Petition, ¶¶ 29-33). Plaintiff did not demand a jury trial.

Crowley Marine Services, Inc., as successor by merger to Delta Steamship Lines, Inc., f/k/a Mississippi Shipping Co., Inc. and Delta Steamship Lines Inc. filed a Notice of Removal on May 16, 2014. (R. Doc. 1). The remaining Defendants consented to the removal. (R. Doc. 2). Defendants allege that the Court has subject matter jurisdiction over Plaintiff's claims under the admiralty jurisdiction statute, 28 U.S.C. § 1333(1) (saving to suitors clause), and that removal is proper pursuant to 28 U.S.C. § 1441 (removal of civil actions).

On June 13, 2014, Plaintiff moved to remand this action to state court. (R. Doc. 11). Plaintiff asserts that removal is improper because (1) his Jones Act claims are non-removable pursuant to 28 U.S.C. § 1445(a), and (2) his general maritime law claims are non-removable pursuant to the "saving to suitors" clause of 28 U.S.C. § 1333(1).

## II.   ARGUMENTS OF THE PARTIES

Plaintiff's primary argument for remand is that his Jones Act claims are made non-removable pursuant to 28 U.S.C. § 1445(a). (R. Doc. 11-1 at 2). Plaintiff then explains that because his general maritime claims arise out of the same operative facts as his Jones Act claims, the entire action becomes non-removable. (R. Doc. 11-1 at 3-4). Plaintiff further argues that nothing in the 2011 amendments to 28 U.S.C. § 1441 permits the Court to exercise removal jurisdiction over his general maritime claims, while severing and remanding his Jones Act claims. (R. Doc. 11-1 at 4-5).

Plaintiff also argues that his general maritime claims are not removable to federal court. (R. Doc. 11-1 at 5-9). Plaintiff argues that the "saving to suitors" clause in the admiralty jurisdiction statute is the historical basis for non-removability of general maritime claims. (R.

Doc. 11-1 at 5-6). Accordingly, despite decisions in this district holding otherwise, the 2011 amendments to 28 U.S.C. § 1441 did not make general maritime claims removable. (R. Doc. 11-1 at 5-9).

In opposition, Defendants argue that in light of the 2011 amendments to 28 U.S.C. § 1441, this Court has held that general maritime claims are removable and the assertion of a Jones Act claim does not prevent the removal of actions in which general maritime claims are alleged. (R. Doc. 12 at 3-6). Defendants do not argue, however, that Plaintiff has fraudulently pled claims under the Jones Act or has otherwise waived any challenge to the removal of the Jones Act claims.

## III. LAW AND ANALYSIS

It is well settled that when faced with a motion to remand the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). The federal removal statute "is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997). Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

The Jones Act, 46 U.S.C. § 30104, provides a cause of action in negligence for a seaman who is injured in the course of his employment.[2] *See Pate v. Standard Dredging Corp.*, 193 F.2d

---

[2] "A seaman injured in the course of employment or, if the seaman dies from the injury, the personal representative of the seaman may elect to bring a civil action at law, with the right of trial by jury, against the employer. Laws of the United States regulating recovery for personal injury to, or death of, a railway employee apply to an action under this section." 46 U.S.C. § 30104 (personal injury to or death of seaman).

3

498, 501 (5th Cir. 1952) (The Jones Act "modified the prior maritime law of the United States by giving to seamen injured through negligence a right of action in personam against the employer."). The Act incorporates the federal laws regulating recovery for personal injury to railway employees — the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60. *See* 46 U.S.C. § 30104. Therefore, Jones Act claims are non-removable pursuant to 28 U.S.C. § 1445(a).³ *See Lewis v. Lewis & Clark Marine, Inc.,* 531 U.S. 438, 455 (2001) (28 U.S.C. § 1445(a) prevents removal of claims under the Jones Act even in the presence of diversity jurisdiction); *Lackey v. Atlantic Richfield Co.,* 990 F.2d 202, 207 (5th Cir. 1993) ("It is axiomatic that Jones Act suits may not be removed from state court" because the Jones Act "incorporates the general provisions of [FELA], including 28 U.S.C. § 1445(a).").

Because Plaintiff alleges causes of action under both the Jones Act and general maritime law, the Court must determine whether his general maritime claim under § 1333(1) is removable under the current version of § 1441(c) when joined with his properly pled Jones Act claim. Section 1441(c) provides that actions involving both federal question claims and claims made non-removable by statute may be removed in their entirety, subject to severance and remand of the non-removable claim:

> (1) If a civil action includes—
>
>> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>>
>> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

---

³ "A civil action in any State court against a railroad or its receivers or trustees, arising under sections 1-4 and 5-10 of the Act of April 22, 1908 (45 U.S.C. 51-54, 55-60), may not be removed to any district court of the United States." 28 U.S.C. § 1445(a).

(2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

28 U.S.C. § 1441(c)(1)-(2).[4]

Section 1441(c) permits removal of a "claim" not within the original or supplemental jurisdiction of the district court, or a "claim" that has been made non-removable by statute, when joined with a claim arising under federal law. Both the pre-amendment and post-amendment versions of § 1441(c) require that the "civil action" include "a claim" within the meaning of § 1331.[5] Accordingly, where the plaintiff files a "civil action" that includes both a "claim arising under the Constitution, laws, or treaties of the United States" and a non-removable Jones Act claim, then the action is removable in its entirety, but the court must sever and remand the Jones Act claim. 28 U.S.C. § 1441(c); *see Shultz v. Hercules Offshore, Inc.*, No. 14-188, 2014 WL 2041282, at *3 (E.D. Tex. May 15, 2014); *Landerman v. Tarpon Operating & Dev., L.L.C.*, -- F. Supp. 2d -- , 2014 WL 1763208, at *4-5 (E.D. La. May 1, 2014) (finding federal question jurisdiction over the plaintiff's OCSLA claim, but severing and remanding Jones Act claims, "in accordance with the mandatory language of § 1441(c)").

Here, Plaintiff filed a civil action in state court alleging Jones Act and general maritime claims, and Defendants removed the action to federal court pursuant to 28 U.S.C. § 1441.

---

[4] Prior to the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 1441, 125 Stat. 758, 759 (2011), § 1441(c) provided the following: "Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." 28 U.S.C. § 1441(c) (2006).

[5] Section 1331 provides federal courts with original "federal question" jurisdiction: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Plaintiff's action does not assert a claim that arises under the Constitution, laws, or treaties of the United States within the meaning of 28 U.S.C. § 1331. The Supreme Court has held that maritime claims, for which federal courts have original jurisdiction under 28 U.S.C. § 1333, do not "arise under" the Constitution, law, or treaties of the United States within the meaning of 28 U.S.C. § 1331. *See Romero v. International Terminal Operating Co.*, 358 U.S. 354, 378 (1959) (finding it "clear that the words of [the 'arising under'] statute do not extend, and could not reasonably be interpreted to extend, to cases of admiralty and maritime jurisdiction"), *superseded by statute on other grounds*, 45 U.S.C. § 59, *as recognized in Miles v. Apex Marine Corp.,* 498 U.S. 19, 33 (1990); *In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991) ("Emphatically, claims in admiralty, whether designated in rem or in personam, do *not* fall within" the category of claims arising under federal law.) (citing *Romero*, 358 U.S. at 378).

Accordingly, Plaintiff's action, which alleges a non-removable Jones Act claim but no claim falling under this Court's federal question jurisdiction, is not removable pursuant to 28 U.S.C. § 1441(c).[6] One judge in this district has recently remanded actions where the plaintiff asserted both general maritime and Jones Act claims. *See Marvin v. Farrell Lines, Inc.*, No. 14-316-BAJ-SCR, ECF No. 23 at *7-10 (M.D. La. Sept. 12, 2014), *report and recommendation adopted sub nom. Marvin v. Am. Export Lines Inc.*, ECF No. 24 (M.D. La. Sept. 30, 2014); *Alfready Day, Sr. v. Alcoa Steamship Co., Inc.*, No. 14-317-BAJ-SCR, ECF No. 16 at *7-9 (M.D. La. Sept. 12, 2014), *report and recommendation adopted*, ECF No. 17 (M.D. La. Sept. 30, 2014). Other district courts have reached the same conclusion. *See Unterberg v. Exxon Mobil Corp.*, No. 14-181, 2014 WL 3420779, at *4-5 (D. Haw. July 10, 2014); *Rawls v. Phillips 66*

---

[6] There is no other basis for removability pursuant to 28 U.S.C. § 1441.

*Co.*, No. 14-602, 2014 WL 2003104, at *1-2 (E.D. La. May 15, 2014); *Freeman v. Phillips 66 Co.*, No. 14-311, 2014 WL 1379786, at *5 (E.D. La. Apr. 8, 2014).

Defendants do not raise any specific statutory argument for why the Court should find removal jurisdiction in this action. Instead, Defendants rely on decisions by two judges in this district, including the district judge on this case, holding that after the 2011 amendments, general maritime claims are removable in the absence of a separate basis for subject matter jurisdiction. *See Provost v. Offshore Serv. Vessels, LLC*, No. 14-89-SDD-SCR, 2014 WL 2515412, at *3-4 (M.D. La. June 4, 2014); *Garza v. Phillips 66 Co.*, No. 13-742-SDD-SCR, 2014 WL 1330547, at *4-5 (M.D. La. Apr. 1, 2014); *Harrold v. Liberty Ins. Underwriters, Inc.*, No. 13-762-JJB-SCR, 2014 WL 688984, at *3-4 (M.D. La. Feb. 20, 2014); *Bridges v. Phillips 66 Co.*, No. 13-477-JJB-SCR, 2013 WL 6092803, at *4-5 (M.D. La. Nov. 19, 2013).[7]

---

[7] These decisions rely on the analysis in *Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772, 775-77 (S.D. Tex. 2013), which concluded that changes to the second sentence of 28 U.S.C. § 1441(b) (as it read prior to the 2011 amendments) removed the statutory basis for the non-removability of admiralty claims in the absence of another basis for jurisdiction as stated by the Fifth Circuit. *See Id.* at 775-77 (citing *In re Dutile*, 935 F.2d 61 (5th Cir. 1991)). Other decisions in the Southern District of Texas have viewed the *Ryan* analysis favorably. *See Exxon Mobil Corp. v. Starr Indem. & Liab. Co.*, No. 14-1147, 2014 WL 2739309 (S.D. Tex. June 17, 2014), *rev'd on other grounds by*, 2014 WL 4167807 (S.D. Tex. Aug. 20, 2014); *Carrigan v. M/V AMC Ambassador,* No. 13-3208, 2014 WL 358353 (S.D. Tex. Jan. 31, 2014); *Wells v. Abe's Boat Rentals Inc.,* No. 13-1112, 2013 WL 3110322 (S.D. Tex. June 18, 2013).

A number of courts have disagreed with the analysis in *Ryan*, however, concluding that the changes to 28 U.S.C. § 1441 under the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 1441, 125 Stat. 758, 759 (2011), did not legislatively abolish the basis for non-removal of general maritime claims. *See Gregoire v. Enter. Marine Servs., LLC*, -- F. Supp. 2d -- , 2014 WL 3866589, (E.D. La. Aug. 6, 2014); *Grasshopper Oysters, Inc. v. Great Lakes Dredge & Dock, LLC*, No. 14-934, 2014 WL 3796150 (E.D. La. July 29, 2014); *Perrier v. Shell Oil Co.*, No. 14-490, 2014 WL 2155258 (E.D. La. May 22, 2014); *Porter v. Great Am. Ins. Co.*, No. 13-3069, 2014 WL 3385148 (W.D. La. July 9, 2014); *Gabriles v. Chevron USA, Inc.*, No. 14-669, 2014 WL 2567101 (W.D. La. June 6, 2014); *Figueroa v. Marine Inspection Servs.*, -- F. Supp. 2d -- , 2014 WL 2958597 (S.D. Tex. July 1, 2014); *Alexander v. Seago Consulting, LLC*, No. 14-1292, 2014 WL 2960419 (S.D. Tex. June 23, 2014); *Rogers v. BBC Charting Am., LLC*, No. 13-3741, 2014 WL 819400 (S.D. Tex. Mar. 3, 2014); *Cassidy v. Murray,* -- F. Supp. 2d -- , 2014 WL 3723877 (D. Md. July 24, 2014); *In re Foss Mar. Co.*, -- F. Supp. 2d -- , 2014 WL 2930860 (W.D. Ky. June 27, 2014); *Pierce v. Parker Towing Co., Inc.*, No. 14-73, 2014 WL 2569132 (S.D. Ala. June 9, 2014); *Coronel v. AK Victory*, No. 13-2304, 2014 WL 820270 (W.D. Wash. Feb. 28, 2014); *Bartman v. Burrece*, No. 14-80, 2014 WL 4096226 (D. Alaska Aug. 18, 2014); *see also* David W. Robertson & Michael F. Sturley, *Recent Developments in Admiralty and Maritime Law at the*

The four decisions in this district allowing removal of general maritime claims under the admiralty jurisdiction statute are distinguishable from the instant action. In one of those cases, the plaintiff did not allege a Jones Act claim at all. *See Provost*, 2014 WL 2515412. Two of the cases were removed on the basis of federal question jurisdiction under the Outer Continental Shelf Lands Act, and the defendants specifically alleged that the plaintiffs had fraudulently pled their Jones Act claims.[8] *See Bridges*, 2013 WL 6092803; *Garza*, 2014 WL 1330547. In the final case, the removing defendant asserted that the plaintiff's Jones Act claim was alleged against other defendants. *See Harrold*, 2014 WL 688984, at *1. The court found the plaintiff's arguments that there was no "separate and independent" claim providing for subject matter jurisdiction unavailing because the plaintiff relied on decisions interpreting the "separate and independent" language that no longer appears in §1441(c). *Id.* at *4.

Here, Plaintiff has alleged a non-removable Jones Act claim. There is no allegation that the Court has original federal question jurisdiction. The Jones Act claims are brought against all Defendants, and none of those Defendants argues that the Jones Act claims are improperly pled. Although Plaintiff does invoke some jurisprudence engaging in pre-2011 "separate and independent" claim analysis, his primary arguments focus on the non-removability of his Jones

---

*National Level and in the Fifth and Eleventh Circuits*, 38 TUL. MAR. L.J. 419, 477-78 (2014) ("The statutory-language exegesis in Ryan is thorough and careful, but we think the judge's conclusion that Romero (probably through congressional inadvertence) has become a dead letter seems too radical to be acceptable. We do not believe the Fifth Circuit will agree with the Ryan court.").

[8] A properly pleaded Jones Act claim is not removable unless the defendant can successfully establish fraudulent joinder. *See Burchett v. Cargill, Inc.,* 48 F.3d 173, 175-76 (5th Cir. 1995). Denial of a motion to remand on the basis that a Jones Act claim is fraudulently pleaded is proper where the court "determines, after resolving all disputed questions of fact and any ambiguities in the current controlling substantive law in plaintiff's favor, that there is no reasonable basis for predicting that the plaintiff might establish liability under the Jones Act." *Fields v. Pool Offshore, Inc.*, 182 F.3d 353, 357 (5th Cir. 1999). A removing defendant bears the "heavy burden" of showing a claim under the Jones Act is fraudulently pleaded. *Zertuche v. Great Lakes Dredge & Dock Co., LLC,* 306 F. App'x 93, 97 (5th Cir. 2009).

Act claims under the current version of § 1441(c). Accordingly, the four decisions in this district allowing for the removal of general maritime claims are distinguishable.

## IV. CONCLUSION

Because the Court finds that Plaintiff's Jones Act claims are not removable under § 1445(a), and Plaintiff's general maritime claims are not removable under § 1441(c), the Court need not determine whether Plaintiff's general maritime claims would be removable in the absence of Plaintiff's Jones Act claims.

## RECOMMENDATION

**IT IS THE RECOMMENDATION** of the Magistrate Judge that Plaintiff's Motion to Remand be **GRANTED**, and the action be remanded to the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana.

Signed in Baton Rouge, Louisiana, on October 1, 2014.

 _____
 **RICHARD L. BOURGEOIS, JR.**
 **UNITED STATES MAGISTRATE JUDGE**